# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TIFFANY L. KOWALSKI,

        Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

        Agency.

DOCKET NUMBER
CH-315H-18-0016-I-1

DATE: July 8, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Edward L. D'Felio</u>, Wyoming, Michigan, for the appellant.

<u>Stephen T. Ball</u>, Detroit, Michigan, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).  However, we FORWARD the appellant's Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) (codified as amended at 38 U.S.C. §§ 4301-4335) claim to the regional office for docketing as a new appeal.

## BACKGROUND

¶2      Effective April 30, 2017, the agency appointed the appellant to an excepted-service position as a Pharmacy Technician.  Initial Appeal File (IAF), Tab 8 at 48.  Her appointment was subject to the successful completion of a 1-year probationary period.  *Id.*  The agency terminated her effective June 30, 2017, for failure to qualify during her probationary period due to lack of candor on an Optional Form 306.  *Id.* at 26, 28-29.

¶3      The appellant appealed her termination to the Board, arguing that the agency violated 5 C.F.R. §§ 315.805-.806 and discriminated against her on the basis of her service-connected disabilities.  IAF, Tab 1.  Without holding the appellant's requested hearing, the administrative judge issued an initial decision finding that the appellant was a preference-eligible employee in the excepted service with less than 1 year of current continuous service and therefore did not

meet the statutory definition of an "employee" with adverse action appeal rights under 5 U.S.C. § 7511.  IAF, Tab 11, Initial Decision (ID) at 4-5.  He further found that the appellant's reliance on 5 C.F.R. §§ 315.805-.806 was misplaced because those regulations only apply to individuals in the competitive service.  ID at 5.  The administrative judge lastly found that he could not address the appellant's allegation of discrimination absent an otherwise appealable action.  ID at 6.  Thus, he dismissed the appeal for lack of jurisdiction.  ID at 6.

¶4       The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition.  Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that the Board lacks jurisdiction over the appellant's termination appeal.</u>

¶5       To be considered an "employee" for the purposes of Board jurisdiction, a preference-eligible individual in the excepted service must have completed 1 year of current continuous service in the same or similar positions.[2]  5 U.S.C. § 7511(a)(1)(B); *see Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011).  Here, it is undisputed that the appellant completed only 2 months of her excepted-service appointment, and she has not alleged that there was any other service that could be counted toward completion of 1 year of current continuous service in a similar position.  IAF, Tabs 1, 6-7; PFR File, Tab 1.  Therefore, as the administrative judge correctly found, the appellant did

---

[2] An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue.  *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).  Although the appellant was an excepted-service appointee, the administrative judge notified her of the requirements for proving jurisdiction over an appeal by an individual in the competitive service.  IAF, Tab 3.  We find, however, that the administrative judge cured the defective notice by properly setting forth the applicable law in the initial decision, thereby affording the appellant an opportunity to meet her jurisdictional burden on review.  ID at 4; *see Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008).

not meet the definition of an employee with a statutory right to appeal her termination to the Board.  ID at 5.

¶6        On review, the appellant reiterates her contention that the agency failed to provide her notice of the proposed termination and an opportunity to respond pursuant to 5 C.F.R. § 315.805.  PFR File, Tab 1.  Because the appellant was an excepted-service appointee, however, she was not entitled to the procedural protections of 5 C.F.R. § 315.805 or to appeal her termination for preappointment reasons under 5 C.F.R. § 315.806.  *See Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009) (explaining that 5 C.F.R. § 315.806 applies only to individuals in the competitive service).  Thus, the administrative judge correctly found that the appellant could not rely on these regulations for purposes of establishing Board jurisdiction.  ID at 5.

¶7        Because the appellant had no statutory or regulatory right to appeal her termination to the Board, we find that the administrative judge correctly dismissed her appeal for lack of jurisdiction.

The appellant's USERRA claim is forwarded for docketing as a new appeal.

¶8        As noted above, the appellant alleged in her initial appeal that the agency discriminated against her on the basis of her service-connected disability.  IAF, Tab 1 at 6.  The administrative judge correctly found that the Board lacks jurisdiction, absent an otherwise appealable action, to consider this disability discrimination claim.  *See Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 14 (2003).  On review, the appellant has expanded upon this claim, arguing that the agency discriminated against her on the basis of her status as a disabled veteran.  PFR File, Tab 1 at 3, 5, 19.  She appears to allege that the agency conducted an inadequate and a procedurally defective fact-finding investigation, detailed her, and terminated her for false reasons because of her usage of disabled veteran

leave for medical appointments related to her service-connected disability.[3] *Id.* at 3, 5, 9-10, 19, 24. She further alleges that her supervisor singled her out and treated her differently than her non-veteran coworkers in the pharmacy department. *Id.* at 8-9.

¶9 Allegations of discrimination based on one's status as a disabled veteran are cognizable under USERRA. *Kirkendall v. Department of the Army*, 94 M.S.P.R. 70, ¶ 6 (2003). In addition, the Board has found that an appellant may establish Board jurisdiction over a USERRA claim by nonfrivolously alleging that the agency discriminated against him for using leave to which he was entitled only due to his status as a disabled veteran. *Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶¶ 12-15 (2011). Therefore, we find that the appellant has raised a cognizable USERRA claim and forward it to the regional office for docketing as a new appeal.[4]

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[3] Under the Wounded Warriors Federal Leave Act of 2015, an employee hired on or after November 5, 2016, who is a veteran with a service-connected disability rating of 30% or more is entitled to up to 104 hours of disabled veteran leave for the purposes of undergoing medical treatment for such disability. Pub. L. No. 114-75, 129 Stat. 640 (codified at 5 U.S.C. § 6329).

[4] USERRA claims are broadly and liberally construed, are not subject to a statute of limitations, and may be raised in the first instance in a petition for review. *Henson v. U.S. Postal Service*, 110 M.S.P.R. 624, ¶ 10 n.6 (2009); 5 C.F.R. § 1208.12. An appellant need not invoke the USERRA statute itself. *Henson*, 110 M.S.P.R. 624, ¶ 10 n.6. In addition, individuals who have not completed 1 year of current continuous service in the same or similar positions qualify as "persons" under USERRA, and thus are not excluded from filing appeals under the provisions of that statute. *Slentz v. U.S. Postal Service*, 92 M.S.P.R. 144, ¶ 7 (2002).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ___ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
_____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.